**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4109**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JERRY DEMARIO GUESS,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00145-MOC-DCK-1)

Submitted: March 31, 2014         Decided: April 10, 2014

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW & SAENGER, P.A., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Demario Guess pleaded guilty pursuant to a written plea agreement to wire fraud, 18 U.S.C. § 1343 (2012), and two counts of filing false tax returns, 26 U.S.C. § 7206(a) (2012). The district court sentenced Guess to fifty-one months' imprisonment for the wire fraud conviction and a concurrent thirty-six months for the false tax return convictions. Prior to sentencing, the Government objected to Guess' presentence investigation report, asserting that the report incorrectly grouped the wire fraud conviction with the false tax return convictions and that the multiple count adjustment pursuant to U.S. Sentencing Guidelines Manual (USSG) § 3D1.4 therefore applied. On appeal, Guess argues that the Government's non-grouping objection constituted a breach of the plea agreement. The Government responds that no such breach occurred and that Guess' appeal should be dismissed based on the waiver of appellate rights included in the plea agreement.

"[A] party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement." United States v. Bowe, 257 F.3d 336 (4th Cir. 2001). Therefore, we must address Guess' allegation of breach, the sole issue he raises on appeal, and decline the Government's invitation to enforce the appeal waiver.

A party alleging that the Government breached the plea agreement bears the burden of showing by a preponderance of the evidence that a breach occurred. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Guess did not properly preserve this claim in the district court, our review is for plain error.* Puckett v. United States, 556 U.S. 129, 134-36 (2009) (holding plain error rule applies to claim of breach of plea agreement).

To establish plain error on appeal Guess must establish that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Fed. R. Crim. P. 52(b); United States v. Henderson, 133 S. Ct. 1121, 1126 (2013). Even if Guess establishes each of these prerequisites, we exercise our discretion to correct the error only if we are convinced that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1126-27 (internal quotation marks and alteration omitted).

---

* We reject Guess' contention that he properly preserved this issue for appeal in light of counsel's failure to raise a claim of breach in the district court, United States v. Taylor, 659 F.3d 339, 348 (4th Cir. 2011) ("[T]he defendant is deemed bound by the acts of his lawyer-agent."), and because Guess' own assertions of a breach were made only in the context of his request for a continuance of the sentencing hearing to retain substitute counsel.

3

We have reviewed the record and conclude that the Government did not plainly breach the plea agreement. The language Guess relies on in his claim of breach does not clearly support his interpretation. In any case, the district court, in imposing sentence, suggested that it would have reached the same result regardless of the applicable Guidelines range; therefore, Guess is unable to establish an adverse impact on his substantial rights. Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED